12-1409
Zhu v. Holder

BIA
A077 309 027
A077 309 028

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand thirteen.

PRESENT:
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

HAN YING ZHU, AKA HAN YING ZHOU, DA GAO,
>        *Petitioners,*

>        v.                                    12-1409
>                                              NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Han Ying Zhu and Da Gao, mother and son and natives and citizens of China, seek review of a March 12, 2012, decision of the BIA denying their motion to reopen their removal proceedings. *In re Han Ying Zhu, Da Gao*, Nos. A077 309 027/28 (B.I.A. Mar. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' third motion to reopen, filed in November 2011, was untimely and number-barred because their orders of

2

removal became final in September 2005.  *See* 8 U.S.C. § 1101(a)(47)(B)(i).

Petitioners contend, however, that the Chinese government's awareness of Zhu's pro-democracy activities in the United States constitutes a material change in country conditions excusing their motion from the applicable time and numerical limitations.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Notwithstanding Petitioners' arguments to the contrary, the BIA did not abuse its discretion in finding that they failed to demonstrate a material change of conditions in China.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  As the BIA reasonably determined, Zhu's membership in the China Democracy Party ("CDP") and pro-democracy activities in the United States constitute changed personal circumstances, which are insufficient to

3

excuse the untimely and number-barred filing of Petitioners' motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (concluding that the system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"). Similarly, although Petitioners argue that they established their entitlement to reopening through individualized evidence demonstrating the Chinese government's awareness of Zhu's CDP activities in the United States, we have consistently rejected the argument that a foreign government's subsequent awareness of a petitioner's United States activities alone constitutes a material change in country conditions.

Contrary to Petitioners' assertion, the BIA did not abuse its discretion in finding that the country conditions evidence reflected a continuation of the Chinese government's suppression of pro-democracy activists that existed at the time of their 2004 merits hearing rather than a material change. *See In re S-Y-G-*, 24 I. & N. Dec. at 253. While Petitioners also appear to suggest that they established changed country conditions based on a CDP statement submitted in support of a prior motion to reopen, Petitioners did not seek review of the BIA's denial of their prior motion, which explicitly considered this evidence and found it insufficient to warrant reopening. Petitioners' contention that the BIA placed undue weight on Zhu's underlying adverse credibility determination is also without merit because the BIA assumed the reliability of their evidence.

Because the BIA did not abuse its discretion in finding that Petitioners failed to establish a material change in country conditions, we do not address their *prima facie* eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk