Chang v. Lynch

BIA
Morace, IJ
A074 588 454

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SHAN DING CHANG, AKA DING SHAN ZHANG,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

15-2536

NAC

_____

FOR PETITIONER:            Gang Zhou, New York, NY.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Mary
                           Jane Candaux, Assistant Director;
                           Matthew A. Connelly, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shan Ding Chang, a native and citizen of the People's Republic of China, seeks review of a July 31, 2015, decision of the BIA affirming an Immigration Judge's ("IJ") March 19, 2014, denial of his motion to reopen. *In re Shan Ding Chang,* No. A074 588 454 (B.I.A. July 31, 2015), *aff'g* No. A074 588 454 (Immig. Ct. N.Y. City Mar. 19, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to reopen for abuse of discretion, and review any factual findings regarding country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C.

§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Chang's 2013 motion to reopen was untimely because he filed it sixteen years after his order of deportation became final in 1997, and number barred, because it was his second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

These time and number limitations do not apply if the petitioner requests reopening to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3).

Here, the agency did not abuse its discretion in finding that the evidence Chang submitted did not establish a material change since his 1997 immigration proceedings. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s]

3

the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Chang alleged three bases for changed conditions: his China Democracy Party ("CDP") membership and political activities in the United States; China's awareness of those activities as evidenced by his difficulty obtaining a Chinese passport; and China's persecution of political dissidents active in China.

The agency found that Chang's recent membership in the CDP was a change in personal circumstances, not a change in country conditions. That was not error. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

As the BIA found, Chang also failed to demonstrate a change in the Chinese government's treatment of similarly situated political dissidents. His evidence largely addressed the treatment of dissidents active within China. To show a material change as needed for reopening, Chang had to show a change in treatment for those participating in political

4

activities outside of the United States. 8 C.F.R. § 1208.13(b)(2)(iii)(A) (To establish a well-founded fear of persecution, an applicant may "establish[] that there is a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant"); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (holding that petitioner had not established fear of future persecution because "[e]ven if Chinese authorities were aware of her pro-democracy activities [in the United States], [] nothing in the record compels a finding that Y.C. would be persecuted on that basis if returned to China").

Chang's final basis for changed conditions fails for two reasons. We have previously rejected the argument that the Chinese government's awareness of CDP activity in the United States can alone constitute a material change in conditions sufficient for reopening, albeit in an unpublished decision. *See Han Ying Zhu v. Holder*, 531 F. App'x 56, 57 (2d Cir. 2013). Even assuming such proof were sufficient to excuse a time-and number-barred motion to reopen, Chang submitted no clear evidence that the Chinese government is aware of his CDP activity in the United States. He claimed that he did not give

5

the Chinese consulate the name or address of the CDP in the United States (and did not specify what information he did give) and did not complete the paperwork for his passport application that would have required him to provide information on his CDP membership. Accordingly, it is unclear whether the consulate denied his passport application based on knowledge of his CDP activity or his failure to complete the application. *See Jian Hui Shao*, 546 F.3d at 157-58 ("Thus, when a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Chang's remaining arguments lack merit. The BIA did not engage in improper fact finding. The IJ and the BIA made similar findings regarding Chang's inability to demonstrate changed country conditions or that China persecuted similarly situated to individuals for their affiliation with CDP. *See* 8 C.F.R. § 1003(d)(3) (providing that BIA reviews IJ's findings of fact only for clear error). Neither did the BIA ignore evidence nor mischaracterize Chang's motion to reopen as based solely on his experiences with the Chinese consulate—the BIA made clear that it considered Chang's evidence, but found that

6

he had not established that China had persecuted anyone for CDP activities occurring exclusively in the United States.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7